UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PAUL MITCHELL,

                    Plaintiff,

   -against-                                           9:01-CV-0570
                                                        (LEK/DRH)

DANIEL SENKOWSKI, Superintendent, Clinton
Correctional Facility; JOSEPH WOOD,
Deputy Superintendent for Security; STANLEY
BERG, Deputy Superintendent; R. LAPIER,
Sergeant; L. CAYEA, Sergeant; C.O. FOURNIA,
Corrections Officer; C.O. VAUGHN, Corrections
Officer; THOMAS GILLEM, Corrections Officer;
C.O. McLEAN, Corrections Officer; C.O. REYELL,
Corrections Officer; JOHN DOES, Unknown 1-10;
JOHN CAREY, Captain, all Defendants in their
Individual and Official Capacities,

                    Defendants.

MEMORANDUM-DECISION AND ORDER[1]

I. Background

Plaintiff Paul Mitchell ("Plaintiff" or "Mitchell") filed a *pro se* civil rights complaint against

Defendant Daniel Senkowski, *et al.*, ("Defendants") on April 19, 2001. See Complaint (Dkt. No. 1).

Thereafter, on May 29, 2003, a Notice of Attorney Appearance was filed by Richard L. Baumgarten,

Esq., on behalf of Plaintiff.  See Notice of Atty. Appear. (Dkt. No. 33).  On September 29, 2003, a

Report-Recommendation was issued by the Honorable David R. Homer, United States Magistrate

Judge, recommending that Defendants' Motion for summary judgment be granted.  See Report-Rec.

(Dkt. No. 37).  The undersigned adopted Judge Homer's Report-Recommendation in its entirety in

---

[1] For printed publication by the Federal Reporters.

an Order dated February 11, 2004, granted Defendants' Motion for summary judgment, and dismissed Plaintiff's Complaint.  See Order (Dkt. No. 41); Judgment (Dkt. No. 42).

Plaintiff's Notice of Appeal, dated March 8, 2004, was filed on March 18, 2004.  See Notice of Appeal (Dkt. No. 43).  The United States Court of Appeals for the Second Circuit affirmed the judgment of this Court in a Mandate issued January 13, 2006.  See Mandate (Dkt. No. 48).

Plaintiff thereafter filed a *pro se* Motion to vacate the judgment in this Court, pursuant to Federal Rule of Civil Procedure 60(b), on February 3, 2006.  See Plntf's Motion (Dkt. No. 49). However, Attorney Baumgarten is still Plaintiff's attorney of record.  Counsel for Defendants has filed a Letter Motion (Dkt. No. 51) requesting that this Court reject Plaintiff's *pro se* Motion to vacate the judgment (Dkt. No. 49), on the grounds that Plaintiff may not file papers *pro se* so long as Plaintiff is represented by counsel.  Defendants contend that absent adherence to the procedures set forth in Northern District Local Rule 83.2, Attorney Baumgarten still represents Plaintiff.  See Letter Motion (Dkt. No. 51) at 1.

After reviewing the submissions of the parties, the docket sheet, and the relevant law, and for the reasons that follow, this Court grants Defendants' Letter Motion, and rejects and dismisses Plaintiff's *pro se* Motion to vacate the judgment as being improper under the governing procedure.

## II.  Discussion

As the Court understands Plaintiff's arguments, Plaintiff contends in his reply to Defendants' Letter Motion that "Mr. Baumgarten did not represent [Plaintiff] when the initial lawsuit was filed", and therefore the Court should reject Defendants' arguments and not rely on the case of Davidson v. Scully, No. 83 Civ. 2025 (MJL), 1995 WL 104020, at *9 (S.D.N.Y. Mar. 8,

1995).  Plntf's Response (Dkt. No. 52) at 3.  Plaintiff misunderstands the law and procedure in this

matter, however.  Once Plaintiff retained counsel, he was no longer acting *pro se* - especially at

those times pertinent to Plaintiff's Motion.  Several trial and appellate courts have refused to accept

*pro se* submissions once an attorney has been retained or assigned.  See Davidson, 1995 WL

104020, at *9; Bennett v. United States, No. 03 Civ. 1852(SAS), 97 CR 639(SAS), 2004 WL

2711064, at *8 (S.D.N.Y. Nov. 23, 2004) ("Bennett has submitted numerous *pro se* motions and

letters although he is represented by counsel in the instant matter.... To alleviate further improper

filings, multiple submissions and the resulting confusion, I direct Bennett to file all future papers

through his attorney.... The Court will no longer accept Bennett's *pro se* submissions."); United

States v. Ogbonna, 184 F.3d 447, 449 n.1 (5th Cir. 1999) ("[T]here is no constitutional right to

hybrid representation [on appeal.].... By accepting the assistance of counsel the criminal appellant

waives his right to present *pro se* briefs on direct appeal.") (citing and quoting Myers v. Johnson, 76

F.3d 1330, 1335 (5th Cir. 1996)).  See also United States v. Gwiazdzinski, 141 F.3d 784, 787 (7th

Cir. 1998) ("A defendant does not have an affirmative right to submit a pro se brief when

represented by counsel.... In the absence of such a right, we decline to accept Gwiazdzinski's pro se

motion or brief.  The motion and brief are stricken as improperly before the Court.") (citation

omitted); United States v. Gallardo, 915 F. Supp. 216, 217-218 & n.1 (D. Nev. 1995) ("in this 2255

motion, Defendant requested and was granted appointment of counsel, but continuously attempts to

file pro se motions while being represented by counsel.... Defendant fails to comprehend the

difference between proceeding pro se and being represented by counsel.  *A person represented by an*

*attorney cannot file pro se motions*.") (emphasis added); United States v. Tracy, 989 F.2d 1279,

1285 (1st Cir. 1993) ("Tracy contends that the district court erred in refusing to consider several *pro*

*se* motions which were unsigned and which were filed... when Tracy was represented by counsel. *A district court enjoys wide latitude in managing its docket and can require represented parties to present motions through counsel.* The district court did not abuse its discretion in refusing to consider Tracy's unsigned, *pro se* motions.") (emphasis added).

Furthermore, the Court recognizes the requirements imposed upon counsel by Northern District Local Rule 83.2, see N.D.N.Y. L.R. 83.2, and finds, after a review of the Docket, that Attorney Baumgarten has not undertaken the procedures outlined in said Rule, and Attorney Baumgarten has not been terminated by Plaintiff. Therefore, Attorney Baumgarten is still the attorney of record for Plaintiff. Plaintiff is not *pro se* at this time, and has not been *pro se* since May of 2003 - a time prior to Judge Homer's issuance of his Report-Recommendation.

Although it is noted that some courts have permitted a party to file *pro se* submissions to supplement materials filed by that party's counsel - such as the Cherry Court in a criminal matter in the Southern District of New York, see United States v. Cherry, No. S1 94 CR. 313(CSH), 1997 WL 543089, at *3 (S.D.N.Y. Sept. 3, 1997) ("I accepted Cherry's plea.... At a subsequent conference, I permitted Cherry to supplement the filings of his attorney with his own *pro se* submissions"; but Court denied withdrawal of plea) - this Court will not accept Plaintiff's *pro se* filing in this civil matter as the substantive motion standing alone, and with Plaintiff represented by counsel. See Bennett, 2004 WL 2711064, at *8. Thus, the Court rejects Plaintiff's *pro se* Motion, and dismisses same without prejudice to re-filing by counsel or re-filing by Plaintiff upon effective termination of attorney representation.

### III.  Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendants' Letter Motion (Dkt. No. 51) seeking rejection of Plaintiff's

*pro se* Motion to vacate judgment is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's *pro se* Motion to vacate judgment (Dkt. No. 49) is hereby

**REJECTED** and **DISMISSED WITHOUT PREJUDICE** to re-filing by counsel or re-filing by

Plaintiff upon effective termination of attorney representation; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:     April 24, 2006
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge