UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PAUL MITCHELL,

                        Plaintiff,

  -against-                                    9:01-CV-0570
                                                                                   (LEK/DRH)

DANIEL SENKOWSKI, Superintendent, Clinton
Correctional Facility; JOSEPH WOOD,
Deputy Superintendent for Security;
STANLEY BERG, Deputy Superintendent; R. LAPIER,
Sergeant; L. CAYEA, Sergeant; C.O. FOURNIA,
Corrections Officer; C.O. VAUGHN, Corrections
Officer; THOMAS GILLEM, Corrections Officer;
C.O. McLEAN, Corrections Officer; C.O. REYELL,
Corrections Officer; JOHN DOES, Unknown 1-10;
JOHN CAREY, Captain, all Defendants in their
Individual and Official Capacities,

                        Defendants.

## MEMORANDUM-DECISION AND ORDER

### I. Background

      Presently before this Court is a Motion to vacate judgment, filed by Paul Mitchell ("Plaintiff" or "Mitchell") *pro se*, pursuant to Federal Rule of Civil Procedure 60(b), on August 4, 2006. See Plntf's Motion (Dkt. No. 55). This Court previously granted the Letter Motion filed by Defendant Daniel Senkowski, *et al.* ("Defendants"), rejecting and dismissing Plaintiff's previous *pro se* Motion to vacate the judgment as being improper under the governing procedure. See Order (Dkt. No. 49). The Court rejected Plaintiff's previous *pro se* submission because Plaintiff had retained counsel and was no longer acting *pro se* when the submission was filed. See id. The Court dismissed Plaintiff's *pro se* Motion "without prejudice to re-filing by counsel or re-filing by

1

Plaintiff upon effective termination of attorney representation." See id.

After reviewing Plaintiff's new submission and the relevant law, and for the reasons that follow, this Court again rejects and dismisses Plaintiff's *pro se* Motion to vacate the judgment as being improper under the governing procedure.

## II. Discussion

The Court previously reviewed the docket sheet and recognized in the prior Order (Dkt. No. 49) that Plaintiff's counsel, Richard L. Baumgarten, Esq., had not undertaken the procedures imposed by Northern District Local Rule 83.2, see N.D.N.Y. L.R. 83.2, for termination of counsel. See Order (Dkt. No. 49)

In the Motion currently before the Court, Plaintiff re-submits his previous Motion to vacate *pro se* and seeks to memorialize, through submission to this Court of a copy of a letter allegedly sent to Attorney Baumgarten, his understanding that Attorney Baumgarten no longer represents him in any legal matter. See Plntf's Motion (Dkt. No. 55). As explained in the previous Order, until Attorney Baumgarten has undertaken the procedures outlined in Local Rule 83.2, he has not been terminated by Plaintiff and is still the attorney of record for Plaintiff. See Order (Dkt. No. 49). Plaintiff is not *pro se* at this time, and has not been *pro se* since May, 2003. Local Rule 83.2(b) states that an attorney may withdraw "only upon notice to the client and all parties to the case and an order of the Court, upon a finding of good cause, granting leave to withdraw." N.D.N.Y. L.R. 83.2(b). Until Attorney Baumgarten petitions the Court to withdraw from the case or until affirmatively fired by Plaintiff, he remains Plaintiff's counsel in this matter and the letter submitted by Plaintiff cannot serve as a substitute for following the proper procedure.

Defendants' previous Letter Motion (Dkt. No. 51) requested that this Court reject Plaintiff's *pro se* Motion to vacate the judgment (Dkt. No. 49), on the grounds that Plaintiff may not file papers *pro se* so long as Plaintiff is represented by counsel.  See Letter Motion (Dkt. No. 51) at 1. However, Defendants' current Motion in opposition does not address the fact that Plaintiff has again failed to follow the proper procedure for filing *pro se* submissions to this Court.  See Defts' Mem. in Opp. (Dkt. No. 56).  However, this Court retains wide latitude when managing its docket and can, on its own initiative, require parties to comply with applicable local rules and require represented parties to present motions through counsel.  See United States v. Tracy, 989 F.2d 1279, 1285 (1st Cir. 1993) ("Tracy contends that the district court erred in refusing to consider several *pro se* motions which were unsigned and which were filed . . . when Tracy was represented by counsel. *A district court enjoys wide latitude in managing its docket and can require represented parties to present motions through counsel.*  The district court did not abuse its discretion in refusing to consider Tracy's unsigned, *pro se* motions.") (emphasis added).

After conducting another review of the docket, the Court again observes that Attorney Baumgarten remains lead attorney in this matter.  As a result, the Court refuses to accept Plaintiff's *pro se* Motion to vacate because he continues to be represented by an attorney.  See Davidson v. Scully, No. 83 Civ. 2025 (MJL), 1995 WL 104020, at *9 (S.D.N.Y. Mar. 8, 1995); Bennett v. United States, No. 03 Civ. 1852(SAS), 97 CR 639(SAS), 2004 WL 2711064, at *8 (S.D.N.Y. Nov. 23, 2004) ("Bennett has submitted numerous *pro se* motions and letters although he is represented by counsel in the instant matter.... To alleviate further improper filings, multiple submissions and the resulting confusion, I direct Bennett to file all future papers through his attorney.... The Court will no longer accept Bennett's *pro se* submissions.")  Thus, the Court again rejects Plaintiff's *pro*

*se* Motion, and dismisses same without prejudice to re-filing by counsel or re-filing by Plaintiff upon effective termination of attorney representation as laid out in Local Rule 83.2.

### III.  Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Plaintiff's *pro se* Motion to vacate judgment (Dkt. No. 55) is hereby **DISMISSED WITHOUT PREJUDICE** to re-filing by counsel or re-filing by Plaintiff upon effective termination of attorney representation; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:   October 26, 2006
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge