UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PAUL MITCHELL,

                                        Plaintiff,

  -against-                                                     9:01-CV-570
                                                               (LEK/DRH)

DANIEL SENKOWSKI, Superintendent, Clinton
Correctional Facility; JOSEPH WOOD,
Deputy Superintendent for Security;
STANLEY BERG, Deputy Superintendent; R. LAPIER,
Sergeant; L. CAYEA, Sergeant; C.O. FOURNIA;
C.O. VAUGHN; C.O. THOMAS GILLEM;
C.O. McLEAN; C.O. REYELL;
JOHN CAREY, Captain; JOHN DOES, Unknown 1-10,
in their Individual and Official Capacities,

                                        Defendants.
_____

**MEMORANDUM-DECISION AND ORDER[1]**

**I. Background**

On April 19, 2001, Plaintiff Paul Mitchell ("Mitchell") filed a civil rights action under Section 1983 of Title 42 of the United States Code against employees and officers of the New York State Department of Correctional Services ("DOCS"). Complaint (Dkt. No. 1). On February 3, 2003, Defendants filed a Motion for summary judgment. (Dkt. No. 20). On September 29, 2003, Magistrate Judge David R. Homer issued a Report and Recommendation recommending that Defendants' Motion be granted in its entirety. Report and Recommendation (Dkt. No. 37). Subsequently, the District Court adopted Judge Homer's Report and Recommendation in its entirety

---

[1] For printed publication by the Federal Reporters.

1

and entered judgment for Defendants on February 11, 2004.  Order (Dkt. No. 41).  Shortly thereafter, on March 18, 2004, Plaintiff filed a notice of appeal to the Court of Appeals for the Second Circuit.  Appeal (Dkt. No. 43).

On January 27, 2006, the Court of Appeals denied Plaintiff's appeal.  Mandate (Dkt. No. 48).  Plaintiff filed the present Motion to vacate on April 10, 2007.  Motion to vacate (Dkt. No. 61).

## II. Discussion

Plaintiff has brought this Motion to vacate pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure, asserting "fraud, misrepresentation, and/or other misconduct perpetrated on the Court and plaintiff."  Affidavit (Dkt. No. 61) at ¶ 2.  The Court of Appeals has long held a high burden of proof to succeed on a motion to vacate.  Nederlandsche Handel-Maatschappij, N. V. v. Jay Emm, Inc., 301 F.2d 114, 115 (2d Cir. 1962) [hereinafter "Nederlandsche"].  "Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances."  Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986).  Rule 60(b) motions shall not be a means to short circuit the appeals process nor a mechanism to relitigate settled orders.  Fleming v. New York University, 865 F.2d 478, 484 (2d Cir. 1989) ("[A] Rule 60(b)(3) motion cannot … serve as an attempt to relitigate the merits.");  see Mastini v. American Tel. & Telegraph Co., 369 F.2d 378, 379 (2d Cir. 1966) .

Plaintiff's Motion to vacate fails to state a claim of fraud or misrepresentation under the Rule 60(b)(3) provision.  The Second Circuit has held that the moving party must prove "the fraud or misrepresentation … by clear and convincing evidence."  Nederlandsche, 301 F.2d at 115; Fleming, 865 F.2d at 484 ("[A] Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations . . . .").  In addition to providing clear and convincing

evidence, the plaintiff must also demonstrate that such fraud or perjury detrimentally impacted the case. "[A] movant 'must show that the conduct complained of prevented the moving party from fully and fairly presenting his case.'" State Street Bank and Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 176 (2d Cir. 2004) (quoting Taylor v. Texgas Corp., 831 F.2d 255, 259 (11th Cir.1987)) (citations omitted); Travelers Cas. & Sur. Co. v. Crow & Sutton Associates, 228 F.R.D. 125, 131 (N.D.N.Y. 2005) (Sharpe, D. J.) ("The movant must demonstrate by clear and convincing evidence that the opponent's misconduct substantially interfered with his ability to fully and fairly prepare his case and defend the motion.") (citing Fleming, 865 F.2d at 484)).

Plaintiff alleges that Defendant's witness, Donald Slesky (hereinafter "Slesky"), knowingly made a false statement to the Court, under the penalty of perjury. Affidavit (Dkt. No. 61) at ¶ 17. The basis for Plaintiff's allegation stems from Slesky's sworn statement, "On April 6, 1999, my office reversed this determination because a portion of the audio tape of the disciplinary hearing was inaudible." Declaration (Dkt. No. 61) at ¶ 7. However, a review of the transcript from the disciplinary hearing indicates that portions of the tape were indeed inaudible. Accordingly, Plaintiff has not shown that Slesky's sworn statement is incompatible with the facts. Based upon the Court's review of the transcript, there does not appear to be any justifiable claim of perjury, and Plaintiff does not meet the clear and convincing standard.

Additionally, Plaintiff's motion must be denied to the extent it addresses issues already litigated. Fleming, 865 F.2d at 484. In his Motion to vacate, Plaintiff attempts to relitigate the prior Order. On July 24, 2003, in opposition to Defendant's Motion for summary judgment, Plaintiff argued, "the disciplinary hearing was not reversed due to some portions of the audio tape of the hearing being inaudible. In fact, according to Plaintiff, the copy of the tape he was provided was

3

played and reviewed and found to be complete and audible." Affirmation in Opposition to Defendant's Motion (Dkt. No. 61) at 11.  In the Report and Recommendation, which was adopted by this Court, Judge Homer characterized Plaintiff's allegation as "a bald assertion" that did "not raise a material issue of fact."  Report and Recommendation (Dkt. 37) at 4 fn. 6; Order (Dkt. No. 41).

       Plaintiff is barred from now bringing his prior litigated claim of perjury under the guise of a Rule 60(b)(3) motion.  Plaintiff not only had the opportunity to litigate his perjury claim, but the Court entered judgment on the claim.  Moreover, given that the perjury allegation arose during the course of litigation and prior to the Report and Recommendation recommending to dismiss Plaintiff's complaint, Plaintiff has no basis to claim that such perjury unfairly prevented him for pleading his case. Therefore, Plaintiff's Rule 60(b)(3) Motion is without merit and must be dismissed for failing to provide clear and convincing evidence of perjury, failing to allege a detrimental impact to Plaintiff's case, and on the principle of res judicata.

### III.  Conclusion

Based on the foregoing discussion, it is hereby

**ORDERED**, that Plaintiff's Motion to vacate (Dkt. No. 61) is **DENIED in its entirety**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED:    November 20, 2007
          Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge